**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 21-4335**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

SYLVESTER DEANGELO WALKER, a/k/a DBOS,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:20-cr-00041-JPB-JPM-1)

———————————

Submitted:  August 31, 2022               Decided:  October 4, 2022

———————————

Before WYNN and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:**  Frank C. Walker II, FRANK WALKER LAW, Clairton, Pennsylvania, for Appellant.  Shawn Michael Adkins, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sylvester Deangelo Walker pled guilty pursuant to a plea agreement to distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).  The district court calculated Walker's advisory range under the Sentencing Guidelines at 100 to 125 months' imprisonment and sentenced Walker to 100 months' imprisonment and three years of supervised release.

On appeal, Walker's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the district court abused its discretion in sentencing Walker to 100 months in prison.  Walker filed a pro se supplemental brief in which he questions whether the district court erred in calculating his base offense level under the Sentencing Guidelines.  The Government declined to file a brief and does not seek to enforce the appeal waiver in Walker's plea agreement.[1]  We affirm.

"This Court reviews all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard," *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (cleaned up), for procedural and substantive reasonableness, *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020).  In determining procedural reasonableness, this court considers whether the district court

---

[1] Because the Government fails to assert the waiver as a bar to this appeal, we may consider the issues raised by counsel and Walker and conduct an independent review of the record pursuant to *Anders*.  *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

properly calculated the defendant's Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.* When rendering a sentence, the district court must make an individualized assessment based on the facts presented, state in open court the reasons supporting its chosen sentence, address the parties' nonfrivolous arguments in favor of a particular sentence and, if it rejects them, explain why in a manner allowing for meaningful appellate review. *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). If there are no procedural errors, this court then considers the substantive reasonableness of the sentence, evaluating "the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks omitted). Any sentence within a properly calculated Guidelines range is presumptively substantively reasonable, and the defendant bears the burden of demonstrating the sentence is unreasonable when measured against the § 3553(a) factors. *United States v. White*, 810 F.3d 212, 230 (4th Cir. 2016).

After review of the record, we conclude that the district court did not reversibly err in calculating Walker's Guidelines range. Contrary to Walker's suggestion made in the pro se brief, the district court did not plainly err in calculating his base offense level. *See United States v. Kobito*, 994 F.3d 696, 701 (4th Cir. 2021) (stating standard of review). The district court also afforded counsel an adequate opportunity to argue for an appropriate sentence and properly heard allocution from Walker. After considering these arguments and Walker's allocution, the advisory Guidelines range, and the 18 U.S.C. § 3553(a)

3

factors, the district court determined that a 100-month prison term was warranted based on the nature and circumstances of Walker's offense conduct, his history and characteristics, and the sentencing range established under the Guidelines. *See* 18 U.S.C. § 3553(a)(1), (4)(A). The district court's explanation was sufficient to support the imposition of this term, and Walker does not overcome the presumption of reasonableness afforded to it. We thus discern no abuse of discretion in the district court's imposition of the 100-month prison term.

In accordance with *Anders*, we also have reviewed the remainder of the record and have found no meritorious issues for appeal. We therefore affirm the criminal judgment. This court requires that counsel inform Walker, in writing, of the right to petition the Supreme Court of the United States for further review. If Walker requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Walker.[2]

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] Walker's counsel has moved for leave to withdraw from representation. We deny this motion without prejudice to counsel's ability to refile it after he has discharged his obligation to inform Walker of his right to petition the Supreme Court for further review.